UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE EDU UDUKA, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al. <br><br> Defendant. | No. 2:23-cv-01188-TLN-JDP <br><br><br> **ORDER** |

This matter is before the Court on Defendants United States of America, Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"), National Benefits Center, Terri Robinson, Alejandro Mayorkas, Ur Mendoza Jaddou, and Christopher M. Heffron's (collectively, "Defendants") Motion to Dismiss, or in the alternative, Motion for Summary Judgment.  (ECF No. 10.)  Also before the Court is Plaintiff Prince Edu Uduka's ("Plaintiff") Motion for Summary Judgment.  (ECF No. 17.)  Both motions have been fully briefed.

For the reasons set forth below, the Court GRANTS Defendants' Motion for Summary Judgment (ECF No. 10) and DENIES Plaintiff's Motion for Summary Judgment (ECF No. 17).

///

///

### I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

This case arises out of a dispute concerning United States citizenship. Plaintiff was born in Nigeria on May 10, 1994, and entered the United States pursuant to a non-immigrant visa on June 13, 2012. (ECF No. 6-2 at 2.) Importantly, Plaintiff came to the United States shortly after his eighteenth birthday. (*Id.*)

In February 2018, Plaintiff filed two N-600 applications for certification of citizenship. (ECF No. 6 at 4.) Plaintiff claimed he was eligible for such citizenship under Section 320(a) of the Immigration and Nationality Act. (ECF No. 6-3 at 2.) Plaintiff's first application was predicated on his adopted mother's citizenship status, while the second application was based on his biological father's citizenship status. (ECF No. 6 at 4.) In March 2018, before Defendants ruled on Plaintiff's N-600 applications, Defendants issued Plaintiff a United States passport and passport card. (*Id.*)

In March 2021, USCIS denied Plaintiff's N-600 applications because it determined Plaintiff was not a lawful permanent resident and had never been granted lawful permanent resident status. (ECF No. 6-1 at 2; ECF No. 6-3.) Plaintiff appealed USCIS' denials, and the Administrative Appeals Office ("AAO") issued an order in January 2022, finding Plaintiff failed to demonstrate he derived United States citizenship after birth in both of his applications. (ECF No. 6-1 at 2–5, 10–13.) Nevertheless, the AAO withdrew the denials and remanded the matters to the Director of USCIS because the Director did not address Plaintiff's passport when determining his qualification for citizenship in his N-600 applications. (*Id.* at 4, 12.)

On February 1, 2023, Defendants revoked Plaintiff's passport and passport card.[2] (ECF No. 6-2.) One month later, USCIS again denied Plaintiff's N-600 applications because Plaintiff did not establish his eligibility for citizenship. (ECF No. 6-1.)

---

[1]    The following facts are undisputed unless otherwise indicated.

[2]    Plaintiff did not receive notice of the passport revocation until July 17, 2023, due to an address error. (ECF No. 6 at 10; ECF No. 10 at 3.) Written notice is required pursuant to 8 U.S.C. § 1504, but Plaintiff does not explain how delayed notice, as opposed to lack of notice, affects the validity of his passport revocation.

In June 2023, Plaintiff filed a complaint against Defendants, seeking declaratory and other relief. (ECF No. 1.) On July 20, 2023, Plaintiff filed his First Amended Complaint ("FAC") against Defendants, seeking: (1) a declaration that Defendants' denial of his N-600 applications was unlawful; (2) a declaration that Plaintiff is a United States citizen under 8 U.S.C. § 1503(a)[3]; and (3) an order requiring Defendants to issue Plaintiff a certificate of citizenship. (ECF No. 6 at 17.)

On August 28, 2023, Defendants moved to dismiss Plaintiff's FAC or, in the alternative, moved for summary judgment. (ECF No. 10.) Plaintiff filed an opposition and cross-motion for summary judgment on September 9, 2023. (ECF No. 17.) Defendants filed a reply and opposition on September 14, 2023. (ECF No. 18.) Plaintiff replied on September 20, 2023. (ECF No. 19.) As will be discussed, the Court GRANTS Defendants' motion for summary judgment. Therefore, the Court need not and does not address Defendants' motion to dismiss.

## II.    STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to

---

[3]   8 U.S.C. § 1503(a) "authorizes a *de novo* judicial determination of the status of the plaintiff as a United States national." *Richards v. Secretary of State, Dep't of State*, 752 F.2d 1413, 1417 (9th Cir. 1985).

1  that party's case, and on which that party will bear the burden of proof at trial.

2  If the moving party meets its initial responsibility, the burden then shifts to the opposing
3  party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus.*
4  *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv.*
5  *Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this factual dispute,
6  the opposing party may not rely upon the denials of its pleadings but is required to tender
7  evidence of specific facts in the form of affidavits, and/or admissible discovery material, in
8  support of its contention that the dispute exists. Fed. R. Civ. P. 56(c).  The opposing party must
9  demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the
10 suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that
11 the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for
12 the nonmoving party. *Id.* at 251–52.

13 In the endeavor to establish the existence of a factual dispute, the opposing party need not
14 establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual
15 dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
16 trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89.  Thus, the "purpose of summary judgment is
17 to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for
18 trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's
19 note on 1963 amendments).

20 In resolving the summary judgment motion, the Court examines the pleadings,
21 depositions, answers to interrogatories, and admissions on file, together with any applicable
22 affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir.
23 1982).  The evidence of the opposing party is to be believed and all reasonable inferences that
24 may be drawn from the facts pleaded before the court must be drawn in favor of the opposing
25 party.  *Anderson*, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is
26 the opposing party's obligation to produce a factual predicate from which the inference may be
27 drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*,
28 810 F.2d 898 (9th Cir. 1987).  Finally, to demonstrate a genuine issue that necessitates a jury trial,

1   the opposing party "must do more than simply show that there is some metaphysical doubt as to
2   the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  "Where the record taken as a
3   whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine
4   issue for trial.'" *Id.* at 587.

**III.     ANALYSIS**

In moving for summary judgment, Defendants proffer two main arguments: (1) Plaintiff's Administrative Procedures Act ("APA") and Mandamus Act claims are barred because 8 U.S.C. § 1503 provides an adequate alternative remedy, and (2) Plaintiff has not and cannot establish United States citizenship under 8 U.S.C. § 1431(a).  (ECF No. 10 at 8–13.)  The Court will address each in turn.

          A.     Adequate Alternative Remedy

As an initial matter, Defendants argue Plaintiff's APA and mandamus claims are barred because 8 U.S.C. § 1503 provides Plaintiff with a special and adequate review procedure for his denied N-600 applications for certificates of citizenship.  (ECF No. 10 at 10.)  In other words, Defendants contend Plaintiff must exhaust his administrative remedies before filing suit in this Court but has failed to do so.  (*Id.* at 8–10.)  In opposition, Plaintiff argues his cause of action is only premised upon 8 U.S.C. § 1503 — not the APA and Mandamus Act.  (ECF No. 17 at 20.)  Given Plaintiff's concession, the Court finds Defendants' argument is moot and Plaintiff's claim is properly before the Court.[4]  *See L. Xia v. Tillerson*, 865 F.3d 643, 655 (D.C. Cir. 2017) ("If plaintiffs believe that they are United States citizens and that USCIS erroneously invalidated their certificates of naturalization and passports, they may pursue … the section 1503 claims in their amended complaint.").

///
///
///

---

[4]  The Court notes Defendants' exhaustion argument is probably tied to its motion to dismiss rather than its motion for summary judgment.  In any event, the Court rejects this argument in light of Plaintiff's concession.

5

B.      Plaintiff's Citizenship Status

A child born outside of the United States, like Plaintiff, automatically becomes a citizen of the United States when all the following conditions are met:

> (1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization;
>
> (2) The child is under the age of eighteen years; and
>
> (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

8 U.S.C. § 1431(a). To obtain a certificate of citizenship, a claimant must establish United States citizenship by a preponderance of the evidence. 8 C.F.R. § 341.2(c).

The record before the Court indicates Plaintiff arrived in the United States after the age of eighteen. (ECF No. 6-2.) Moreover, the record is devoid of any evidence demonstrating Plaintiff was residing in the United States in the legal and physical custody of a United States citizen parent pursuant to a lawful admission for permanent residence. Thus, the automatic citizenship provision of 8 U.S.C. § 1431(a) does not apply. Plaintiff nevertheless seeks a declaration from this Court, pursuant to 8 U.S.C. § 1503, that he is a United States citizen. (ECF No. 6 at 16; ECF No. 17 at 19.)

According to Plaintiff, his now-revoked United States passport is conclusive proof of his citizenship. (ECF No. 6 at 15.) Defendants contend Plaintiff's revoked passport is insufficient to prove citizenship and Plaintiff has otherwise failed to establish his United States citizenship as a matter of law. (ECF No. 10 at 10–13.) Plaintiff disagrees and argues he became a United States citizen once he received his United States passport, and USCIS' revocation does not alter his citizenship status because his passport allegedly does not expire until 2028 (i.e., it is still within its period of validity). (*Id.* at 17–18.) To support his contentions, Plaintiff cites *Magnuson v. Baker*, 911 F.2d 330 (9th Cir. 1990), *superseded by statute on other grounds as stated in Acosta v. United States*, No. C14-420 RSM, 2014 WL 2216105, at *3 (W.D. Wash. May 29, 2014) for the proposition that his passport is conclusive proof of his citizenship. (*Id.* at 12.)

6

1    The Court agrees with Defendants and finds Plaintiff has failed to establish his United States citizenship as a matter of law.  First, passports do not confer citizenship, they merely provide proof of one's status as a citizen. *See Chacoty v. Pompeo*, 392 F. Supp. 3d. 1, 3 (D.D.C. 2019) ("[Consular Reports of Birth Abroad], like passports, do not confer citizenship; rather, they merely provide proof of one's status as a citizen.").  Thus, Plaintiff did not immediately become a citizen upon receipt of his erroneously issued passport.

Second, Plaintiff's reliance on *Magnuson* is misplaced.  That case dealt with whether the Secretary of State could revoke a passport under 22 U.S.C. § 2705 without providing the claimant an opportunity to be heard. *See Magnuson*, 911 F.2d at 334.  The Ninth Circuit found § 2705's language "grants no revocation power to the Secretary … ." *Id.*  This holding, however, was superseded by the addition of 8 U.S.C. § 1504, which now authorizes the Secretary of State to cancel a passport if it appears it was obtained "illegally, fraudulently, or erroneously," irrespective of a pre-revocation hearing. *See Acosta*, 2014 WL 2216105, at *3.  In sum, *Magnuson* does not support Plaintiff's contention that a duly revoked passport is conclusive evidence of United States citizenship.

Finally, USCIS' revocation of Plaintiff's passport renders it invalid.  22 C.F.R. § 51.4(g)(1).  Although a United States passport need not be valid to be accepted as evidence of United States citizenship, the passport must have been issued *without limitation*.  42 C.F.R. § 436.407.  Plaintiff fails to demonstrate his passport was issued without limitation or otherwise demonstrate a concededly erroneously issued passport, by itself, is sufficient to establish United States citizenship.

The Court is not unsympathetic to Plaintiff's situation.  Defendants issued Plaintiff a passport in 2018 only to revoke it five years later.  However, Defendants' revocation was based upon their determination that Plaintiff failed to establish his United States citizenship.  And unfortunately, "[o]nce it has been determined that a person does not qualify for citizenship, … the district court has no discretion to ignore the defect and grant citizenship." *I.N.S. v. Pangilinan*, 486 U.S. 875, 884 (1988) (quoting *Fedorenko v. United States*, 449 U.S. 490, 517 (1981)).

///

7

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Summary Judgment (ECF No. 17) and GRANTS Defendants' Motion for Summary Judgment (ECF No. 10). All other motions are DENIED as moot. The Clerk of Court is directed to enter Judgment in Defendants' favor and close the case.

IT IS SO ORDERED.

Date:  March 18, 2024

Troy L. Nunley
United States District Judge

8